IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-CV-0234-L |
| CHRISTOPHER LOVE BLACKWELL, AV BAR REG, INC., and MILLERS A GAME, L.L.C., | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER AND OPINION

Before the court is Plaintiff's Application for an Ex Parte Temporary Restraining Order, Preliminary Injunction, and Orders Freezing Assets and Granting Other Relief, filed February 7, 2011. After carefully considering the application, brief, appendix, and applicable law, the court **grants** Plaintiff's Application for an Ex Parte Temporary Restraining Order.

### I. Background

Plaintiff United States Securities and Exchange Commission ("Plaintiff" or "SEC"), filed this Complaint on February 7, 2011, alleging that Defendant Christopher Love Blackwell ("Blackwell") and two entities that he owns, AV Bar Reg, Inc. ("AV Bar") and Millers A Game, L.L.C. ("MAG") (collectively referred to as "Defendants"), illegally raised more than four million dollars from at least thirteen investors. Compl. at 1. Plaintiff contends that Blackwell pitched his trading program by telling potential investors that he would pool their funds with his own funds and those of other investors. Plaintiff contends that Blackwell stated that he would

then use the combined funds to trade or to reuse as collateral for "lines of credit" or "letters of credit," which he would then use to trade fixed income securities.

Plaintiff alleges that investor funds were not used as promised and that Blackwell did not purchase or trade any securities. Plaintiff contends that Blackwell used investor money to pay for more than $720,000 in personal and business expenses, including child support, travel, entertainment, utilities, food, office equipment and supplies, office rent, and automobile vehicles. Plaintiff asserts that Defendant Blackwell also funneled more than $900,000 in cash directly to himself, family, friends, and other associates. Blackwell allegedly diverted investor funds to support his other business activities, including roughly $249,000 purportedly used to fund a personal entertainment investment, and roughly $1.1 million to purchase interests in sham letters of credit. Moreover, Defendant Blackwell allegedly used more than $500,000 to make Ponzi payments by using new investors' funds to pay old investors.

Further, Blackwell allegedly enticed the investors by telling them that his trading program would generate high impressive, guaranteed returns. Plaintiff presents evidence that in a taped sales pitch to an undercover law enforcement agent, Blackwell promised risk free returns of 25 to 30 percent per month with regularity. Plaintiff contends that Blackwell also falsified his academic pedigree, experience as a trader, and professional connections.

Plaintiff alleges that Blackwell also claimed that his trading program was risk free. He allegedly told investors that their funds remain on deposit in attorney escrow accounts and would not be removed without authorization. He allegedly told investors that their funds would be used solely as collateral to obtain "leverage" in the form of a line of credit.

Plaintiff contends that Blackwell's conduct is ongoing and continuing to place investor issued funds at risk. The SEC seeks an *ex parte* temporary restraining order: (a) temporarily

**Memorandum Order and Opinion- Page 2**

restraining and enjoining Blackwell and MAG, from violating the antifraud provisions of the federal securities laws; (b) freezing the assets of Blackwell and MAG; (c) requiring Blackwell and MAG to provide an accounting of investor's funds; (d) preventing Blackwell and MAG from altering or destroying documents; (e) authorizing expedited discovery; (f) requiring Blackwell to surrender his passport; (g) directing financial institutions and other persons or entities that hold, control, or have controlled any of Blackwell's or MAG's assets to identify accounts and safeguard assets; and (h) requiring Blackwell and MAG to show cause why the court should not issue a Preliminary Injunction and impose other relief against them.

## II.  Findings

After reviewing the applicable law and evidence in the case, the court determines that Plaintiff has met its burden for the issuance of a temporary restraining order. Accordingly, the court **finds** as follows:

1. This court has jurisdiction over the subject matter of this action and over Blackwell and MAG.

2. The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3. There is good cause to believe that Blackwell and MAG have engaged in acts, transactions, practices, and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5], and Section 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b – 6)(1), (2)].

4. There is good cause to believe that Blackwell and MAG will continue to engage in the acts, transactions, practices and courses of business conduct constituting the violations set forth in paragraph three unless restrained and enjoined by an order of this court.

5. There is good cause to believe that Blackwell and MAG used improper means to obtain investor funds and assets. There is also good cause to believe that Blackwell and MAG will dissipate any remaining assets.

6. There is good cause to believe that investor funds and assets obtained by Blackwell and MAG from the unlawful activities described in the Commission's Complaint have been and will be misappropriated, wasted or otherwise used to the detriment of investors. Furthermore, there is good cause to believe that Blackwell and MAG do not have sufficient funds or assets to satisfy the relief that might be ordered in this action.

7. There is good cause to believe that giving notice to Blackwell and MAG of the Commission's motion for this Order would result in immediate and irreparable injury, loss or damage to investors, because it is likely that assets will be dissipated if such notice were given.

8. An accounting is appropriate to determine the disposition of investor funds and to ascertain the total assets that should continue to be frozen.

9. An order preventing Blackwell and MAG from altering or destroying documents is necessary to preserve and maintain the business records of Blackwell and MAG from destruction.

10. This proceeding is one in which the Commission seeks a preliminary injunction.

11. The timing restrictions of FED.R.CIV.P. 26(d), 26(f), 30(a)(2)(C) and 34 should not apply to this proceeding in light of the Commission's requested relief and its demonstration of good cause.

12. Expedited discovery is appropriate.

13. There is good cause to believe that Blackwell may seek to leave the United States in order to avoid responsibility for the fraudulent acts alleged herein. An order requiring Blackwell to surrender his passport is necessary to ensure the efficacy of whatever relief might ultimately be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. Blackwell and MAG, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A. to employ any device, scheme or artifice to defraud;

    B. to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    C. to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

2. Blackwell and MAG, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from

violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

    A.    to use or employ any manipulative or deceptive device or contrivance;

    B.    to employ any device, scheme or artifice to defraud;

    C.    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    D.    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

2.    Blackwell and MAG, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act [15 U.S.C. § 80b-6(1),(2)], directly or indirectly, in connection with advising clients, by making use of any means or instrumentality of interstate commerce to:

    A.    employ devices, schemes or artifices to defraud clients or prospective clients; or

    B.    engage in transactions, practices and courses of business which operated as a fraud or deceit upon clients and prospective clients.

**IT IS FURTHER ORDERED THAT:** Blackwell and MAG and their officers, agents, employees, servants, attorneys and all persons in active concert or participation with them, who

receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds (including charges on any credit card or draws on any other credit arrangement), and from assigning, conveying, transferring, encumbering, disbursing, dissipating, selling, hypothecating or concealing any assets, monies, or other property owned by or in the actual or constructive possession of Blackwell and MAG, pending a showing to this court that they have sufficient funds or assets to satisfy all claims arising from the violations alleged in the Complaint, pending the posting of a bond or surety sufficient to assure payment of any such claim, or until further order of this court. Further, any bank, trust company, broker-dealer or other depository institution holding accounts for or on behalf of Blackwell and MAG shall make no transactions in securities (excepting liquidating transactions necessary as to wasting assets) and no disbursements of funds or securities (including extensions of credit, or advances on existing lines of credit), including the honor of any negotiable instrument (including specifically, any check, draft, or cashier's check) purchased by or for Blackwell and MAG, pending further order of this court.

**IT IS FURTHER ORDERED THAT:** Blackwell and MAG shall make an interim accounting, under oath, within ten (10) days of the issuance of this Order or three (3) days prior to any hearing on the Commission's Motion for Preliminary Injunction and other relief, whichever is sooner, detailing by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer of: (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all of their current assets wherever they may be located and by whomever they are being held, and their current liabilities; and (d) all accounts with any financial or brokerage institution

**Memorandum Order and Opinion- Page 7**

maintained for the Defendant at any point during the period from January 1, 2007, to the present. The accounting shall be sufficient to permit a full understanding of the flow of investor funds from each investor to its present location to the extent known by Blackwell and MAG or within their power to learn. The accounting and all documents reviewed in the course of the preparation thereof or otherwise pertaining thereto shall be delivered by facsimile or overnight courier to Thomas Keltner; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102 by the deadline set forth above.

**IT IS FURTHER ORDERED THAT:** Blackwell and MAG and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from destroying, removing, mutilating, altering, concealing or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records and documents of any entities under their control, until further order of this court.

**IT IS FURTHER ORDERED THAT:** All parties may take depositions upon oral examination, and demand production of documents or other things, of parties and persons who are not parties prior to the expiration of 30 days after service of the Commission's Complaint on Defendants. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure, regarding issuance and service of subpoenas, unless the provision of testimony or production of documents is agreed to by the person(s) subpoenaed. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, all parties may take depositions upon oral examination, subject to 72 hours notice. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties

shall produce all documents requested within 72 hours of service of such request. All written responses to any party's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by facsimile or overnight courier to Thomas Keltner; Securities and Exchange Commission; Burnett Plaza, Suite 1900; 801 Cherry Street, Unit 18; Fort Worth, Texas 76102, or such other place as counsel may direct.

**IT IS FURTHER ORDERED THAT:** The United States marshal in any district in which any Defendant resides, transacts business or may be found is authorized and directed to make service of process at the request of the Commission. To effectuate the provisions of any paragraph of this Order, the Commission may cause a copy of this Order to be served on any bank, savings and loan, broker-dealer or other financial or depository institution either by United States mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution from disbursing funds, directly or indirectly, to or on behalf of Blackwell and MAG, or any companies or persons or entities under their control.

**IT IS FURTHER ORDERED THAT:** Defendant Blackwell is ordered to surrender, temporarily pending the determination of the Commission's request for a preliminary injunction, his passport and is barred from traveling outside the United States. Defendant Blackwell must surrender said passport to the Clerk of the Court for the Northern District of Texas forthwith after being notified or served with this temporary restraining order. The Clerk of the Court shall hold such passport until ordered by the court to release it.

**IT IS FURTHER ORDERED THAT** Pending further order of this court, any financial or brokerage institution, business entity, or person that holds or has held, controls or has

controlled, or maintains or has maintained custody of any of Blackwell and MAG's Assets at any time since January 1, 2007, shall:

    1.    Prohibit Blackwell and MAG and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Blackwell and MAG's Assets, except as directed by further order of the court;

    2.    Deny Blackwell and MAG and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Blackwell and MAG, either individually or jointly; or (b) otherwise subject to access by Blackwell and MAG;

    3.    Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Blackwell and MAG, either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned controlled, managed, or held by, on behalf of, or for the benefit of Blackwell and MAG, either individually or jointly, or is otherwise subject to access by Blackwell and MAG; and

    4.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not

limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Form 1099s, and safe deposit box logs.

**IT IS FURTHER ORDERED THAT** Unless extended by agreement of the parties, the portion of this order that constitutes a temporary restraining order shall expire at 5:00 p.m., on the 25th day of February, 2011, or at a later date as ordered by the court. All other provisions of this order, including the asset freeze, shall remain in full force and effect until specifically modified by further order of this court.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Application for an Ex Parte Temporary Restraining Order. Further, Blackwell and MAG or their attorneys shall appear before this court at 9 o'clock, a.m., on February 25, 2011, to show cause, why this court should not enter a preliminary injunction extending the asset freeze and other relief granted in this Order until a final adjudication on the merits may be had. Blackwell and MAG shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Thomas Keltner, Trial Counsel, Securities and Exchange Commission, 801 Cherry Street, Suite 1900, Fort Worth, Texas 76102, fax number (817) 978-4927, no later than three full business days before such hearing.

The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on Blackwell and MAG or their attorneys by facsimile transmission, courier service or such other means as the Commission may reasonably determine will give Blackwell and MAG or their attorneys prompt delivery of these papers. Pursuant to

**Memorandum Order and Opinion- Page 11**

Rule 43(e) of the Federal Rules of Civil Procedure, the court, in determining whether Blackwell and MAG should be preliminarily enjoined, may consider affidavits, declarations and exhibits. *See*, e.g., *FSLIC v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987); *E. E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 751 n.3 (N.D. Tex. 1986).

**SIGNED AND ENTERED** at 11:45 o'clock a.m. on this 11th day of February, 2011.

Sam A. Lindsay
United States District Judge