**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **CHRISTOPHER LOVE BLACKWELL,** § | | |
| **AV BAR REG, INC., AND** § | Case No.: 3:11-cv-00234-L | |
| **MILLERS A GAME, LLC,** § | | |
| § | | |
| Defendants, § | | |
| § | | |

**CONSENT OF DEFENDANT
<u>CHRISTOPHER LOVE BLACKWELL</u>**

1.  Christopher Love Blackwell ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Agreed Judgment As to Defendant Christopher Love Blackwell ("Agreed Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from further violation of Sections 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder, [17 C.F.R. § 240.10b-5], and Section 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b - 6)(1), (2)].

3. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 217 of the Advisers Act [15 U.S.C. § 80b-17], and, if so, the amount(s) of the disgorgement and civil penalty. Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 21, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

4. Defendant further agrees that in connection with the Commission's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Agreed Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5. Defendant acknowledges that any civil penalty paid pursuant to the Agreed Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

6. Defendant agrees that the Asset Freeze provisions of the Court's February 11, 2011 Memorandum and Opinion granting the Plaintiff's Application for an Ex Parte Temporary Restraining Order, Preliminary Injunction, and Orders Freezing Assets and Granting Other Relief shall stay in full force and effect pending further order of the Court.

7. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Agreed Judgment.

9. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10. Defendant agrees that this Consent shall be incorporated into the Agreed Judgment with the same force and effect as if fully set forth therein.

11. Defendant will not oppose the enforcement of the Agreed Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12. Defendant waives service of the Agreed Judgment and agrees that entry of the Agreed Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Agreed Judgment is filed with the Clerk of the Court,

with an affidavit or declaration stating that Defendant has received and read a copy of the Agreed Judgment.

13.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

14.     Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

15.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Agreed Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

17. Defendant agrees that the Commission may present the Agreed Judgment to the Court for signature and entry without further notice.

18. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Agreed Judgment.

CONSENT OF CHRISTOPHER LOVE BLACKWELL

Dated: March 21, 2011

_____
Christopher Love Blackwell

On March 21, 2011, Christopher Love Blackwell, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: October 31 2014

Tamara Goth
Notary Public
Maricopa County, Arizona
My Comm. Expires 10-31-2014

CONSENT OF CHRISTOPHER LOVE BLACKWELL

Page 6