IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | **Civil Action No. 3:11-CV-0234-L** |
| **CHRISTOPHER LOVE BLACKWELL, AV BAR REG, INC., and MILLERS A GAME, LLC,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Entry of Default Judgment Against Defendant AV Bar Reg, Inc., filed July 12, 2011. After consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Entry of Default Judgment Against Defendant AV Bar Reg, Inc.

## I.    Background

Plaintiff Securities and Exchange Commission ("Commission" or "Plaintiff") filed its Complaint in this court on February 7, 2011, seeking relief against Defendants Christopher Love Blackwell ("Blackwell") and two entities he controlled, AV Bar Reg, Inc., ("AV Bar") and Millers A Game, LLC ("MAG"). Blackwell, through AV Bar and MAG, raised more than $4 million from over thirteen investors by offering and selling fraudulent investments. Particularly, Blackwell pitched a fixed income trading program, claiming to pool investor funds with his own funds and those of other investors to serve as collateral for "lines of credit," which Blackwell would then use to trade fixed income securities. Investor funds were diverted to Blackwell's personal use and to

**Memorandum Opinion and Order – Page 1**

make Ponzi payments, that is, Blackwell used new investors' funds to pay old investors.  The Commission alleges Blackwell, individually and through the entities he controlled, violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Sections 206(1) and (2) of the Investment Advisers Act, 15 U.S.C. § 80b-6(1), (2).  On March 23, 2011, the court entered separate agreed judgments as to Defendants Blackwell and MAG.

Defendant AV Bar was properly served on February 16, 2011, and to date has not filed an answer to Plaintiff's Complaint or otherwise defended in this lawsuit.  Plaintiff requested the clerk to issue entry of default on July 12, 2011, and default was entered by the clerk on July 14, 2011. Plaintiff now requests entry of default judgment against Defendant AV Bar: (1) permanently enjoining AV Bar from violating the statutes and rules enumerated above, (2) ordering it to disgorge $3,511,983 plus prejudgment interest, and (3) ordering it to pay a third-tier civil penalty.

## II.    Analysis

The court finds that because Defendant AV Bar has neither filed an answer to Plaintiff's Complaint or otherwise defended in this lawsuit, and because Defendant AV Bar is not an infant, incompetent or in the military, Plaintiff is entitled to judgment against Defendant AV Bar.  The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its Complaint and the facts in Plaintiff's Motion for Entry of Default Judgment Against Defendant AV Bar Reg, Inc.

### A.    Permanent Injunction

Plaintiff requests the court to permanently enjoin Defendant AV Bar from violating Section 17(a) of the Securities Act; Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; and

**Memorandum Opinion and Order – Page 2**

Sections 206(1) and (2) of the Investment Advisers Act. Section 20(b) of the Securities Act and section 21(d) of the Exchange Act authorize the Commission to seek injunctive relief upon a "proper showing" that the defendant "is engaged or is about to engage" in violations of the securities laws. *SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. 1981) (citations omitted). "[T]he Commission is entitled to prevail when the inferences flowing from the defendant's prior illegal conduct, viewed in light of present circumstances, betoken a 'reasonable likelihood' of future transgressions." *Id.* (citations omitted). After a careful review of the evidence and authority, the court determines that permanent injunctive relief is appropriate.

Accordingly, Defendant AV Bar, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them are permanently **restrained and enjoined**:

1.  from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

2.      from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)      to use or employ any manipulative or deceptive device or contrivance;

    (b)      to employ any device, scheme, or artifice to defraud;

    (c)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (d)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

3.      from violating Sections 206(1) and (2) of the Advisers Act directly or indirectly:

    (a)      to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)      to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**B.**    **Disgorgement**

Plaintiffs also seeks disgorgement and prejudgment interest.  Disgorgement is an equitable remedy designed to "wrest[] ill-gotten gains from the hands of a wrongdoer." *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993) (citations omitted).  "The district court  has broad discretion whether to order disgorgement and to determine the amount of the award." *SEC v. Seghers*, 298 F. App'x

319, 336 (5th Cir. 2008) (citing *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 73 (5th Cir. 1993)).  The remedy of disgorgement is remedial rather than punitive; thus, "it is limited to property causally related to the wrongdoing at issue." *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 413 (5th Cir. 2007) (citation omitted).  In actions brought by the Securities and Exchange Commission involving a securities violation, "disgorgement need only be a reasonable approximation of profits causally connected to the violation." *Id.* (citation omitted).

"[T]he decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion." *SEC v. United Energy Partners*, Inc.,  2003 WL 223392, at * 1 (N.D. Tex. Jan. 28, 2003) *aff'd,* 88 F. App'x 744 (5th Cir. 2004), *cert. denied, Quinn v. SEC*, 543 U.S. 1034 (2004) (citing *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir.1996)).  "[W]hether prejudgment interest should be awarded in a Rule 10b–5 action is a question of fairness resting within the District Court's sound discretion." *Id.* (citing *Wolf v. Frank*, 477 F.2d 467, 479 (5th Cir.1973)).  Generally, the appropriate benchmark for calculating prejudgment interest is the rate used by the Internal Revenue Service for unpaid balances ("IRS underpayment rate").  *First Jersey*, 101 F.3d at 1476; *see also United Energy Partners*, 88 F. App'x at 747 (finding no abuse of discretion where the district court applied the IRS underpayment rate of interest for a portion of the applicable period and reduced the IRS underpayment rate by half for the remaining portion of the applicable period).

Plaintiff contends that Defendants AV Bar and Blackwell should be held jointly and severally liable for disgorgement and prejudgment interest.  Joint and several liability is appropriate in securities cases where, as here, individuals or entities collaborate or have close relationships in

engaging in illegal conduct.  *United Energy Partners,* 88 F. App'x at 747; *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 1959843, at * 2 (N.D. Tex. May 5, 2008).

The allegations of the Complaint establish that Blackwell used Defendant AV Bar to perpetrate a number of fraudulent investment schemes, resulting in substantial loss to investors. After a careful review of the evidence and authority, and considering Blackwell's apparent control over AV Bar, the court determines that it is appropriate to hold Defendants AV Bar and Blackwell jointly and severally liable for disgorgement of all ill-gotten gains realized from the conduct alleged in the Complaint and prejudgment interest.  The Declaration of Keith J. Hunter ("Hunter"), a certified public accountant employed by the Commission, establishes based on an analysis of various bank account activity related to Blackwell's offer and sale of securities though AV Bar that Blackwell and AV Bar raised at least $4,016,983 from investors.  Blackwell and AV Bar also paid back approximately $505,000 to certain investors, using other investors' funds.  Thus, the net amount of money raised from investors was $3,511,983.  The Commission's accountant also calculated the prejudgment interest owed by Defendants AV Bar and Blackwell, by applying the IRS underpayment rate to the disgorgement amount of $3,511,983 from January 21, 2009[1] through March 21, 2011,[2] totaling $303,699.31.   The court determines that this is a reasonable method of calculating interest.  Accordingly, the court **orders** that Defendant AV Bar is jointly and severally liable with Defendant Blackwell for disgorgement of $3,511,983, representing ill-gotten gains as

---

[1] Hunter's previous declaration, dated January 31, 2011, and filed February 7, 2011, indicates that January 21, 2009, was the latest date, as discovered by the Commission, that Blackwell received funds from investors.

[2] March 21, 2011, is the date on which Blackwell consented to entry of the Agreed Judgment As to Defendant Christopher Love Blackwell.

**Memorandum Opinion and Order – Page 6**

a result of the conduct alleged in the Complaint, plus prejudgment interest of $303,699.31, for a total of $3,815,682.31.

### C.      Third-Tier Civil Penalty

Finally, the Commission requests that the court impose the maximum third-tier civil penalty against AV Bar under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Section 209(e)(2) of the Investment Advisers Act, 15 U.S.C. § 80b-9. "Civil penalties are designed to punish the individual violator and deter future violations of the securities laws." *AmeriFirst Funding*, 2008 WL 1959843, at * 2 (citation omitted). "Without civil penalties, the only financial risk to violators is the forfeiture of their ill-gotten gains." *Id.* (citation omitted). The applicable penalty provisions set forth an escalating three-tier penalty structure for securities laws violations depending on the egregiousness of the conduct. Third tier penalties are proper if: (1) "the violation . . . involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement," and (2) "such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *United Energy Partners*, 88 F. App'x at 747; 15 U.S.C. §§ 77t(d)(2)(C); 78u(d)(3)(B)(iii). The amount of the third-tier penalty for each violation is limited to the greater of $100,000 for a natural person or $500,000 for any other person (per the inflation amount specified by C.F.R. § 201.1004), or the gross amount of pecuniary gain to such defendant as a result of the violation. 15 U.S.C. §§ 77t(d)(2)(C); 78u(d)(3)(B)(iii). In this case, the maximum penalty range for AV Bar is $725,000 to $3,511,983. C.F.R. § 201.1004.

The court determines that a third-tier civil penalty is appropriate because Blackwell's and AV Bar's violations of the federal securities laws, as described in the Complaint involved fraud,

**Memorandum Opinion and Order – Page 7**

deceit, and a deliberate or reckless disregard of a regulatory requirement, and such violations directly or indirectly resulted in substantial losses to other investors. Accordingly, the court **orders** Defendant AV Bar to pay a single civil penalty in the amount of $725,000 for all violations.

## III.    Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Entry of Default Judgment Against Defendant AV Bar Reg, Inc. Therefore, the court permanently **enjoins** Defendant AV Bar from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 206(1) and (2) of the Investment Advisers Act. The court hereby **orders** that default judgment be entered for Plaintiff and that Defendants AV Bar and Blackwell are jointly and severally liable for disgorgement of **$3,511,983** plus prejudgment interest of **$303,699.31**, for a total of **$3,815,682.31**. A third tier civil penalty in the amount of **$725,000** is also assessed against Defendant AV Bar. Postjudgment interest on the total amount of disgorgement and prejudgment interest shall accrue at the applicable federal rate as of the date of entry of this judgment until it is paid in full. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document. Once judgment is entered, the court directs the clerk of the court to close this action.

**It is so ordered** this 4th day of January, 2012.

Sam A. Lindsay
United States District Judge